**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1581
_____

GZREGORZ LEPIANKA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A047-613-807)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2014

Before:  HARDIMAN, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 6, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se petitioner Gzregorz Lepianka has filed a petition for review challenging a

final order of removal.  The government, meanwhile, has filed a motion to dismiss the

case for lack of jurisdiction.  For the reasons detailed below, we will grant the

government's motion and dismiss Lepianka's petition for review.

Lepianka is a citizen of Poland. He arrived in the United States when he was 11, and obtained lawful-permanent-resident status. However, he was subsequently convicted of manufacturing, distributing, dispensing, or possessing with the intent to manufacture, distribute, or dispense a controlled substance in violation of N.J. Stat. Ann. § 2C:35-5(a)(1), (b)(2). As a result, in 2012, the Department of Homeland Security charged him with being removable as an alien who had been convicted of a controlled-substance violation, see 8 U.S.C. § 1227(a)(2)(B)(i), and an aggravated felony, see § 1227(a)(2)(A)(iii). Lepianka conceded removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lepianka, who is Muslim, claimed that he did not wish to return to Poland because he believed that he would be discriminated against there on the basis of his religion.

An Immigration Judge (IJ) denied Lepianka's application. The IJ concluded that Lepianka's New Jersey conviction qualified as a particularly serious crime that rendered him ineligible for asylum, see 8 U.S.C. § 1158(b)(2)(A)(ii), and withholding of removal, see § 1231(b)(3)(B)(ii). Further, the IJ ruled that Lepianka — who specifically testified that he feared discrimination in Poland but did not believe he would face torture — failed to show that he was entitled to CAT relief. Lepianka appealed to the Board of Immigration Appeals (BIA), which dismissed the appeal, concluding, among other things, that Lepianka had "failed to present any objective evidence to establish . . . that he

2

would be tortured" in Poland. Lepianka then filed a timely petition for review to this Court.

The contours of our jurisdiction over this case depend on the correctness of the agency's conclusion that Lepianka's New Jersey offense qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43). See 8 U.S.C. § 1252(a)(2)(C) ("no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony). Lepianka has not challenged this aspect of the agency's opinion, but because we have an independent obligation to examine our jurisdiction, see Shehu v. Att'y Gen., 482 F.3d 652, 655 (3d Cir. 2007), we must address this issue notwithstanding Lepianka's silence.

Under the hypothetical-federal-felony approach, a state drug conviction qualifies as an aggravated felony if it is punishable as a felony under the Controlled Substances Act. See Gerbier v. Holmes, 280 F.3d 297, 306 (3d Cir. 2002). In performing this analysis, the Court generally may look to only the statutory definition of the offense, and may not consider the particular facts underlying a conviction. See United States v. Brown, --- F.3d ----, 2014 WL 4345256, at *3 (3d Cir. Sept. 2, 2014). However, a court may look beyond the face of the statute and consider certain additional documents when the statute is divisible, such that "at least one, but not all of the separate versions of the offense is, by its elements," an aggravated felony. Id. at *5.

Lepianka was convicted under N.J. Stat. Ann. § 2C:35-5, which "proscribes the identical conduct" as 21 U.S.C. § 841(a)(1). Wilson v. Ashcroft, 350 F.3d 377, 381 (3d

3

Cir. 2003). A conviction under the New Jersey statute is not categorically an aggravated felony, but only because the statute covers possession with the intent to distribute marijuana, and distribution of a "small amount" of marijuana for no remuneration is a federal misdemeanor (not a felony). 21 U.S.C. § 841(b)(4); Wilson, 350 F.3d at 381. However, because the New Jersey statute covers "distinct offenses carrying separate penalties," some of which, by their elements, are crimes of violence, the Court may turn to the modified categorical approach. Singh v. Ashcroft, 383 F.3d 144, 162 (3d Cir. 2004); Brown, 2014 WL 4345256, at *5. Under this approach, the Court may review, among other things, the indictment and the judgment. Singh v. Att'y Gen., 677 F.3d 503, 512 (3d Cir. 2012). Here, these documents reveal that Lepianka was convicted for possessing with intent to distribute ecstasy, in violation of § 2C:35-5(b)(2). This subpart of § 2C:35-5 categorically qualifies as a felony under federal law. See 21 U.S.C. § 841(b)(1)(C).

Accordingly, our jurisdiction is limited to reviewing constitutional claims and questions of law. See § 1252(a)(2)(D). In his brief, Lepianka primarily argues that the BIA erred in denying his CAT claim. However, the BIA rejected this claim on the ground that Lepianka failed to present evidence that he was likely to be harmed in any way in Poland, which represents the type of factual finding that this Court lacks jurisdiction to review. See Roye v. Att'y Gen., 693 F.3d 333, 343 n.12 (3d Cir. 2012); Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010).

4

The only other argument that Lepianka has raised is that the agency erred in denying his request for withholding of removal. However, the IJ concluded that Lepianka's New Jersey conviction was "particularly serious," and thus disqualifying for purposes of withholding of removal. Lepianka did not challenge that ruling before the BIA, and we therefore lack jurisdiction to review it. See § 1252(d)(1) (stating that a court may review a final order of removal only if "the alien has exhausted all administrative remedies"); Lin v. Att'y Gen., 543 F.3d 114, 120-21 & n.6 (3d Cir. 2008).

Accordingly, we grant the government's motion and will dismiss Lepianka's petition for lack of jurisdiction.